**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT MONTERROSA, | No. 08-35174 |
| Petitioner - Appellant, | D.C. No. 05-Cv-01233-MO |
| v. | |
| BRIAN BELLEQUE, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Argued and Submitted June 10, 2010
Portland, Oregon

Before: THOMPSON, McKEOWN, and PAEZ, Circuit Judges.

Robert Monterrosa appeals from the district court's denial of his 28 U.S.C.

§ 2254 habeas corpus petition. Monterrosa alleges that his Sixth Amendment right

to counsel was violated when the trial judge allowed him to represent himself

during plea withdrawal proceedings without first informing him of the dangers of

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

proceeding *pro se* as required by *Faretta v. California*, 422 U.S. 806, 835 (1975), and without first determining his mental state. The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") applies to Monterrosa's claim, and we have jurisdiction under 28 U.S.C. § 2253. We review de novo the district court's denial of the petition, *Gonzalez v. Brown*, 585 F.3d 1202, 1206 (9th Cir. 2009), and we affirm.

We have previously held that a state court could conclude, without running afoul of clearly established Supreme Court precedent, that a failure to give the warnings required by *Faretta* "does not automatically result in a defective waiver—that a defendant's waiver was nonetheless knowing and voluntary." *Cordova v. Baca*, 346 F.3d 924, 926 (9th Cir. 2003). The state post-conviction court determined that Monterrosa was aware of the risks of proceeding *pro se*. This was not an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See* 28 U.S.C. § 2254(d)(2). The state court could reasonably assume that, given the late stage of the proceedings, Monterrosa was aware of the charges against him and the terms and conditions of his plea agreement. Moreover, in light of Monterrosa's multiple requests to change counsel, his "extensive criminal history," and his acknowledgement that he did not think he would present the facts and law better than counsel, the state court could

reasonably infer that Monterrosa was aware of his right to, and the benefits of, counsel. And the fact that Monterrosa's counsel had advised him not to move to withdraw his guilty plea supports the inference that his counsel advised him of the substantive risks of seeking to withdraw his plea. For these reasons, we cannot conclude that the state court's determination that Monterrosa knowingly and voluntarily waived his right to counsel was unreasonable.

As for Monterrosa's claim that the trial court violated his right to counsel by failing to inquire into his mental state before allowing him to proceed *pro se*, Monterrosa points to no Supreme Court precedent establishing that a court has such an affirmative duty. Moreover, other than vague references to "the record" and transcripts, Monterrosa points to no evidence that he was mentally incompetent to effectuate a valid waiver of his right to counsel. Thus, Monterrosa can establish neither that the trail court's failure to inquire into his mental state violated his constitutional rights nor that his mental state rendered invalid his waiver of the right to counsel.

**AFFIRMED.**

3